### DOUYETTE *v.* NASHUA STREET RAILWAY.

A request for an instruction that the plaintiff would be entitled to a verdict, if his injury was caused by the faulty construction of a street car, was properly refused, when the writ did not allege a defect in the car as a cause of the injury and there was no evidence of its existence.

An instruction that the plaintiff took the chance of injury and could not recover if he alighted from a moving car, knowing it was in motion, does not furnish ground for setting aside a verdict when neither the evidence nor the ground of exception is stated.

CASE, for personal injuries caused by the defendants' negligence in managing and driving a car. Verdict for the defendants. The plaintiff was a passenger upon one of the defendants' cars, and, in attempting to alight after the car had started, was caught by the coat and dragged some distance. There was evidence tending to show that his coat was caught beneath the outside door of the vestibule. There was no evidence that the car was defective. It was viewed by the jury. In the closing argument for the plaintiff, a claim was made, for the first time, that the defendants were liable because of a defect in the car. The plaintiff excepted to a refusal to give the following instruction to the jury: " If you find that the accident was caused by a faulty construction of the car, whereby the plaintiff's coat was caught and he was thrown, and that he was free from fault, he is entitled to a verdict." The plaintiff also excepted to the following instruction given to the jury: " If he [the plaintiff] got off of a moving car, knowing or having reason to know that it was in motion, he took the chance of an injury that might result from such action, and cannot recover therefor."

*Henry B. Atherton*, for the plaintiff.

*George B. French* and *Jeremiah J. Doyle*, for the defendants.

CHASE, J. The plaintiff did not allege in his writ that his injury was caused by a defect in the car, and there was no evidence to that effect. The instruction requested by him was not relevant to the issue tried, and was properly refused.

" Where neither the evidence nor the ground of an exception to the instructions given to the jury is stated, a verdict will not be set aside, if, upon any evidence competent to be introduced in the case, the instructions were correct. The court cannot pre-

sume that the evidence did not call for the instructions given, nor that it was of such a character as to make them erroneous." *Rowell* v. *Chase*, 61 N. H. 135, 136. Neither the evidence nor the ground of the exception is stated in this case. It only appears that the plaintiff was injured in attempting to alight after the car had started. It may be that the evidence showed that the plaintiff had arrived at the age of discretion, was of ordinary intelligence, and was not under the influence of intoxication or other infirmity, and that he voluntarily, without any request by the defendants or special occasion for so doing, attempted to alight from the car while it was in motion. If such was the evidence, he certainly would have no reason to complain of the instructions given. The act would be wholly his, and he alone would be responsible for its consequences.

*Exceptions overruled.*

PEASLEE, J., did not sit : the others concurred.

---

Hillsborough, }
June, 1899. }